IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEBRASKA HABITAT CONSERVATION COALITION, | ) ) ) | |
| Plaintiff, | ) ) | 4:03CV3059 |
| v. | ) ) | |
| UNITED STATES FISH AND WILDLIFE SERVICE, an Agency of the United States Department of the Interior; GALE NORTON, Secretary of the Interior, STEVEN WILLIAMS, Director of the U.S. Fish and Wildlife Service, | ) ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants, | ) ) | |
| DEFENDERS OF WILDLIFE; CENTER FOR BIOLOGICAL DIVERSITY; and THE CONSERVATION ALLIANCE OF THE GREAT PLAINS, | ) ) ) ) ) | |
| Intervening Defendants. | ) ) | |

This matter is before the Court on defendants' motions for clarification or alteration of the Court's October 13, 2005, Order (Filing Nos. 55 and 57). The Court has reviewed the defendants' motions, the supporting and opposing briefs and the administrative record and finds that the defendants' motions should be denied.

The defendants seek clarification of the Court's Order which vacated and remanded the critical habitat ("CH") designation for the Northern Great Plains breeding population of the piping plover to the United States Fish & Wildlife Service

("FWS") "for redesignation so as to include only areas occupied by the piping plover where primary constituent elements are found, in Nebraska and on the Missouri River adjacent to Nebraska." Order and Judgment (Filing No. 54). Defendants contend that this Order precludes FWS from designating unoccupied land as critical habitat on remand. Defendants note that the Endangered Species Act ("ESA") specifically permits unoccupied lands to be designated as CH when certain conditions are met. 16 U.S.C. § 1532(5)(A)(ii).

In determining whether to grant a motion to clarify, alter or amend judgment, a district court has broad discretion. *Global Network Techs. v. Reg'l Airport Auth.*, 122 F.3d 661, 665 (8th Cir. 1997). Under our local rules, motions for reconsideration are disfavored and will be denied absent a showing of manifest error in the prior ruling or a showing of new facts or legal authority, neither of which could be brought to the Court's attention earlier with reasonable diligence. NECivR 60.1(c).

The administrative record in this lawsuit clearly evidences that FWS considered all CH in Nebraska (and involving the Missouri River where it borders Nebraska) to be occupied. FWS states, both in the final rule[1] and in a June, 2002,

---

[1] The final rules states that "all sites are considered occupied by the species . . . ." AR 2157.

environmental assessment,[2] that all piping plover CH was considered occupied. AR 1806, AR 2157. Thus, the Court's review was limited to an administrative record in which all piping plover CH was considered occupied by FWS. Where FWS considered all of the CH to be occupied, the provision of the ESA permitting the designation of unoccupied lands under certain specific circumstances was not at issue. For these reasons, defendants' motions will be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of November, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] The June, 2002, environmental assessment states that "[t]here are no areas designated as critical habitat that are considered unoccupied." AR 1806.