IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
NEBRASKA HABITAT CONSERVATION )
COALITION,                    )
                              )
          Plaintiff,          )     4:03CV3059
                              )
     v.                       )
                              )
UNITED STATES FISH AND        )     MEMORANDUM OPINION
WILDLIFE SERVICE, an Agency   )
of the United States          )
Department of the Interior;   )
GALE NORTON, Secretary of the )
Interior, STEVEN WILLIAMS,    )
Director of the U.S. Fish and )
Wildlife Service,             )
                              )
          Defendants,         )
_____)
DEFENDERS OF WILDLIFE; CENTER )
FOR BIOLOGICAL DIVERSITY; and )
THE CONSERVATION ALLIANCE OF  )
THE GREAT PLAINS,             )
                              )
     Intervening Defendants.  )
_____)
```

This matter is before the Court on plaintiff Nebraska Habitat Conservation Coalition's ("NHCC") motion for an award of attorney's fees and costs pursuant to 16 U.S.C. § 1540(g)(4) (Filing No. 62). Having considered all submissions and applicable case law, the Court will grant plaintiff's motion for attorney's fees and costs.

   **Attorneys' Fees**

Title 16, U.S.C. § 154(g)(4), states that "the court, in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation

(including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." The Eighth Circuit has held that it is appropriate to award a plaintiff its costs and attorney's fees for the entire litigation when the plaintiff has had some success on the merits in prosecuting a claim under the Endangered Species Act's ("ESA") citizen suit provision.  *Sierra Club v. Clark*, 755 F.2d 608, 619-20 (8th Cir. 1985).  In the present case, NHCC substantially prevailed in its action, and an award of reasonable attorney's fees and costs is appropriate.

In determining what is a reasonable fee, the Eighth Circuit Court of Appeals has stated:  "The starting point for determining a reasonable fee award is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate of compensation."  *Sierra Club*, 755 F.2d at 619-20.

Plaintiff's motion seeks fees in the amount of $169,646.00 for 1,248.08 hours[1] expended on this case, and costs in the amount of $14,889.39.  However, plaintiff agrees that 38.5 of the hours billed were not directly related to the underlying litigation and therefore should be deducted from the total, leaving a total of 1,209.58 hours for which payment is now sought.

---

[1] While the records submitted by plaintiff request 1,322.8 hours, a number of hours spent were not billed, reducing the number of hours for which a fee is sought to 1,248.08.

This request is supported by the declaration of Karen Budd-Falen (Filing No. 63).  According to this declaration, Ms. Budd-Falen expended 135 hours over the period of 2002 - 2005; Mr. Simpert expended 918.25 hours, and Mr. Aubuchon expended 146.5 hours.  The balance involved work by four paralegals and several other attorneys in the law firm.  This case extended over a period of four years, during which counsel and paralegals organized and reviewed the administrative record which the Court finds was essential to properly presenting the case.  Plaintiff represents this involved thousands of pages, and the defendant does not take exception to this representation.

In calculating its attorneys' fee request, NHCC took the hourly rate for each attorney and paralegal and multiplied these hourly rates by the number of hours each attorney or paralegal devoted to this litigation.  The hourly rates charged were from $60 - $75 per hour for the paralegals and from $100 - $150 per hour for the attorneys.  The two lead attorneys, Karen Budd-Falen and Marc Stimpert were billed at from $115 to $150 per hour.  The majority of the hours billed by attorneys in this litigation were billed by Budd-Falen and Stimpert.

In support of its fee request, NHCC noted that Budd-Falen has eighteen (18) years of experience in dealing with environmental and ESA litigation, while Stimpert has seven (7) years of experience in complicated environmental and ESA

litigation and also possesses bachelor's and master's degrees in the biological sciences, as well as experience in this field, which enables him to deal with the complex scientific issues raised.

The Court notes that a fee of $175 per hour was recently found to be fair and reasonable by an attorney with eight (8) years of experience. *Shiller v. Sarpy Cty.,* 2005 U.S. Dist. LEXIS 29383 at *10 (D. Neb. November 11, 2005). In addition, a fee award of $200 per hour was found to be fair and reasonable in a recent ADA action in this district. *Dominguez v. Abbott Transportation, Inc.*, Case No. 8:03CV536. In light of these cases and the Court's familiarity with attorney fee rates in this district, the $130 - $150 hourly rates sought by Budd-Falen and the $115 - $150 hourly rates sought by Stimpert are fair and reasonable.

The hourly rates charged for the other attorneys that worked on this litigation ranged from $100 to $125 per hour, and the Court finds that these are reasonable rates in this community. The Court notes that recently a court in the Northern District of Iowa approved $60 and $75 per hour as reasonable rates for paralegals, the same rates billed in the present litigation. *See Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1195 (N.D. Iowa 2003). The *Baker* court also approved as reasonable an hourly rate of $125 for the number three attorney

-4-

who assisted with litigation, noting that the $125 per hour rate was modest and reasonable even for an attorney who was assisting and who had never served as lead counsel on a case. *Id*. The Court finds that the hourly rates for the other attorneys and paralegals are fair and reasonable.

Recalculating the fee in accordance with the above findings results in a fee of $165,000.00, which the Court finds should be awarded to plaintiff.

**Costs**

The citizen suit provision of the ESA expressly provides that the court may award "costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award is appropriate." 16 U.S.C. § 1540(g)(4). "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). In addition to expert witness fees, out-of-pocket expenses such as travel, courier and copying costs, may also be awarded as part of a reasonable fee award. *Marbled Murrelet v. Pacific Lumber Co.*, 163 F.R.D. 308, 328 (N.D. Cal. 1995)*(citing Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992)).

NHCC initially sought costs of $14,889.39. Included in this amount were charges of $1,448.48 for computerized legal

research on the WESTLAW database.  The Eighth Circuit has held that computerized legal research fees are not recoverable. *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 325 (8th Cir. 1993).

NHCC also sought reimbursement of $100.00 for the attorney admission fees of Stimpert and Budd-Falen.  The Court finds that these fees inure permanent benefits to Stimpert and Budd-Falen and should not be reimbursed.  *See Cooper v. City of Fargo,* 1998 WL 1780672 at *6 (D.N.D. Mar. 31, 1998)(finding attorney admission fees not chargeable as costs).

Plaintiff also seeks recovery as costs the sum of $2,972.50 paid to the Domina Law Firm in Omaha for professional services.  There is no showing as to which attorneys or what work was done, and the Court finds these claimed costs are not recoverable.

The above items total $4,520.98, which reduces plaintiff's recoverable costs to $10,368.41.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court